IN THE TAX COURT OF THE
STATE OF OREGON

Conrad H. ROELLI
*v.*
DEPARTMENT OF REVENUE
(TC 3964)

Plaintiff (taxpayer) appeared *pro se*.

Jerry Bronner, Assistant Attorney General, Department of Justice, Salem, represented defendant (department).

Decision for defendant rendered July 1, 1997.

**CARL N. BYERS, Judge.**

Plaintiff (taxpayer), a Washington resident, appeals from the denial of an income tax refund for 1993. Taxpayer asserts that he is entitled to offset all of his Oregon gambling winnings by all of his Oregon gambling losses. The Department of Revenue (department) denied his refund on the ground that, as a nonresident, taxpayer's deduction for gambling losses is limited to the percentage his Oregon income

represents to his total income. There is no dispute of material facts, and the matter has been submitted to the court on the department's Motion for Partial Summary Judgment.[1]

## BACKGROUND

Taxpayer is a Washington resident. A substantial portion of his income is Oregon source income and is taxed by Oregon. Taxpayer gambled in Oregon and reported gambling winnings of $1,633 on his 1993 income tax return. He also deducted gambling losses of $1,633. The department audited taxpayer's return and determined that the gambling losses were deductible only as itemized deductions.

Generally, the treatment of gambling income and gambling losses is governed by federal law. In brief, gambling income is taxable and gambling losses are deductible, but only to the extent of gambling winnings. *See* IRC § 165(d).[2] Federal income tax law distinguishes between various types of expenses incurred by taxpayers. Specifically, expenses incurred in a trade or business are deductible from gross income. IRC § 162. Other deductible expenses, such as those incurred in activities entered into for profit (IRC § 212) and expenses incurred in pursuit of a hobby (IRC § 183), are deductible, if at all, as itemized deductions from adjusted gross income. Because Oregon is connected to the federal income tax law, these same rules apply to Oregon's personal income tax.

This distinction, while important at the federal level, is particularly important at the state level. Although resident taxpayers are entitled to deduct all of their itemized expenses, nonresidents taxpayers are entitled to deduct only a percentage of their itemized expenses. The deductible percentage is equal to the amount their income earned in Oregon represents to their total income. ORS 316.117(1) provides:

---

[1] Taxpayer's Amended Complaint also challenged Oregon's right to tax federal retirement income as Oregon source income. By notice dated November 12, 1996, taxpayer deleted that claim from his complaint. Because there are no remaining factual or legal issues, the court will treat the department's Motion for Partial Summary Judgment as a Motion for Summary Judgment.

[2] All federal and state statutory references are to 1993.

"Except as provided under subsection (2) of this section [relating to part-year resident trusts], the *proportion* for making a proration for nonresident taxpayers of the standard deduction or itemized deductions, the personal exemption credits and any accrued federal or foreign income taxes, or for part-year resident taxpayers of the amount of the tax, between Oregon source income and income from all other sources is the federal *adjusted gross income* of the taxpayer *from Oregon sources divided by the* taxpayer's *federal adjusted gross income from all sources.*" (Emphasis added.)

Taxpayer had $1,633 gambling income in Oregon. Assuming taxpayer's information is correct, taxpayer also lost at least $1,633 gambling in Oregon. If he was a resident of Oregon, he would have no taxable gambling income. As a nonresident, his Oregon source income, including the gambling income, constituted only .6452 of his total adjusted gross income. Thus, he was only allowed to deduct .6452 of his gambling losses.

The court notes that taxpayer does not claim he is in the trade or business of gambling. This could be inferred from the small amount of winnings and losses reported. The United States Supreme Court has indicated that if gambling is "pursued full time, in good faith, and with regularity, to the production of income for a livelihood, and is not a mere hobby, it is a trade or business." *Commissioner v. Groetzinger*, 480 US 23, 35, 107 S Ct 980, 94 L Ed 2d 25, 37 (1987).

Nevertheless, taxpayer contends that taxing all of his Oregon winnings, while allowing a deduction for only part of his Oregon gambling losses, is in effect a doubling of taxation. If taxpayer were a lawyer, then he might phrase his claim more artfully as a violation of the Privileges and Immunities Clause of the United States Constitution, Article IV, section 2.

## ISSUE

Does Oregon's statute permitting nonresidents only a proportion of their gambling losses violate the Privileges and Immunities Clause?

## ANALYSIS

■ The Privileges and Immunities Clause provides:

"The citizens of each State shall be entitled to all of the Privileges and Immunities of Citizens in the several States."

A state may, however, discriminate against nonresidents when:

"(I) there is a substantial reason for the difference in treatment; and (ii) the discrimination practiced against nonresidents bears a substantial relationship to the State's objective." *S. Ct. of New Hampshire v. Piper*, 470 US 274, 284, 105 S Ct 1272, 84 L Ed 2d 205, 213 (1985).

■ It is clear that Oregon is not prohibited from "imposing double taxation, or any other form of unequal taxation, so long as the inequality is not based upon arbitrary distinctions." *Shaffer v. Carter*, 252 US 37, 58, 40 S Ct 221, 64 L Ed 445 (1920). It is equally clear that the Privileges and Immunities Clause protects citizens of one state from restrictive or unfair treatment of another state, including the imposition of higher taxes on nonresidents than residents. *Travis v. Yale & Towne Mfg. Co.*, 252 US 60, 40 S Ct 228, 64 L Ed 460 (1920). The United States Supreme Court has stated:

"Our prior cases, therefore, reflect an appropriately heightened concern for the integrity of the Privileges and Immunities Clause by erecting a standard of review substantially more rigorous than that applied to state tax distinctions among, say, forms of business organizations or different trades and professions." *Austin v. New Hampshire*, 420 US 656, 663, 95 S Ct 1191, 43 L Ed 2d 530, 536 (1975).

The Oregon Supreme Court recognized this heightened scrutiny in *Wood v. Dept. of Rev.*, 305 Or 23, 33, 749 P2d 1169 (1988), where it stated:

"[T]he Supreme Court warned that because nonresidents are not represented in the taxing state's legislature, the Court has a 'heightened concern for the integrity of the Privileges and Immunities Clause.' *Austin*, 420 US at 663. The *Austin* case mandates rigorous scrutiny of state taxing schemes that burden nonresidents."

In *Wood*, the Oregon Supreme Court held that a statute denying an alimony deduction to a nonresident while allowing an alimony deduction to a resident violated the Privileges and Immunities Clause. The court found that denial of the deduction subjected "nonresidents to a higher tax relevant to alimony than imposed on residents." *Id.*, 305 Or at 30. The court then found that the state had no substantial reason for treating nonresidents different from residents. *Id.* at 33.

*Wood* presents some parallels to the present case. There, the deduction was not allowed by Oregon because federal law had made alimony deductible from gross income rather than as an itemized deduction, which a nonresident could have deducted under ORS 316.117. Here, gambling losses are deemed an itemized deduction by federal law and, therefore, proportionately deductible by a nonresident. The effect is the same in that the nonresident is denied a deduction while the resident obtains the deduction.

However, there is a significant difference between the two cases. In *Wood*, the nonresident was not allowed any deduction. In this case, taxpayer receives a deduction proportionate to his income taxable by Oregon. Moreover, gambling losses are deductible regardless of where incurred. If taxpayer incurs gambling losses in Nevada, they are deductible on taxpayer's Oregon return on a proportionate basis. Such losses would be deductible even though taxpayer had no Oregon gambling income. The fact that the gambling losses are incurred in Oregon is irrelevant to their deductibility.

■ The court finds that Oregon's proportionality rule is a reasonable legislative choice reflective of the state's limited jurisdiction to tax. It is consistent with the following notion:

> "The difference, however, is only such as arises naturally from the extent of the jurisdiction of the State in the two classes of cases, and cannot be regarded as an unfriendly or unreasonable discrimination." *Shaffer v. Carter*, 252 US 37, 57, 40 S Ct 221, 64 L Ed 445 (1920).

Taxpayer would unbundle the state's classifications and require gambling losses in Oregon to be associated with gambling winnings in Oregon. This is not an unreasonable

approach, but it is distinctly different from that chosen by the legislature. Under taxpayer's approach, gambling would be treated as a trade or business and associated gambling expenses would be deductible in full by the nonresident. However, under this approach, gambling losses incurred in other states would not be deductible in Oregon because they would not be associated with Oregon income. While both alternatives have points to recommend them, the legislature has chosen the proportionate treatment. That choice is presumed constitutional. Unless the choice is found to be without substantial reason or basis, the court must uphold it. The court finds that there is a substantial reason for limiting the deduction of gambling losses by nonresident taxpayers and that such limitation does not violate the Privileges and Immunities Clause of the federal constitution. Now, therefore,

IT IS ORDERED that the department's Motion for Summary Judgment is granted. Costs to neither party.